IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMBERLY E. CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 13-2202-JWL |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding error in the Commissioner's residual functional capacity (RFC) assessment, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

**I.    Background**

Plaintiff applied for SSD and SSI benefits on July 30, 2009, alleging disability beginning August 1, 1996.  (R. 16, 129-37).  In due course, Plaintiff exhausted

proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She alleges the Administrative Law Judge (ALJ) erred in many respects in assessing her RFC.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920 (2011); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ failed to adequately explain the bases for her RFC assessment.

## II.     RFC Assessment

Plaintiff claims the ALJ failed to perform a function-by-function RFC assessment and failed to discuss the specific sitting, standing, and walking limitations of which Plaintiff is capable. She points out that the medical opinions included limitations with regard to sitting, standing, and walking and that the ALJ accorded particular weight to those opinions but did not provide a narrative discussion explaining how she arrived at restrictions which were different from those opined by the medical sources. Plaintiff also claims that the ALJ erred in failing to explain how she determined that Plaintiff is limited to minimal interaction with co-workers and to only brief and superficial contact with the general public, but has no limitations with regard to interaction with supervisors.

The Commissioner argues that substantial weight supports the ALJ's RFC assessment. She points out that the ALJ found Plaintiff's allegations of symptoms are not credible, and argues that the record evidence supports that finding. She argues that the ALJ properly discounted the third party opinion of the friend with whom Plaintiff lived. The Commissioner summarizes the ALJ's evaluation of the medical opinions, and then argues that "the ALJ properly assessed Plaintiff's functional limitations." (Comm'r Br. 12). She points out that the ALJ found that Plaintiff could perform light work as defined

in the regulations, and quotes the regulations to which the ALJ cited.  She notes that the ALJ did not merely express RFC in terms of exertional level, but also "discussed a number of nonexertional capacities," id., such as postural, environmental, and mental limitations.  Id. at 13.  The Commissioner argues that the ALJ provided a four-page narrative discussion which described the medical facts and nonmedical evidence supporting her RFC assessment, that an RFC assessment is based on all of the evidence, and that "an ALJ is not required to provide a pinpoint citation to medical evidence for each RFC finding."  Id. at 13-14 (citing Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012); Thongleuth v. Astrue, No. 10-1101-JWL, 2011 WL 1303374, at *13 (D. Kan. Apr. 4, 2011); Castillo v. Astrue, No. 10-1052-JWL, 2011 WL 13627 at *10-11 (D. Kan. Jan. 4, 2011); and 20 C.F.R. §§ 404.1545, 416.945).

The essence of Plaintiff's claim of error is that the ALJ's narrative discussion did not explain how she arrived at specific RFC limitations despite according particular weight to the medical opinions of record which contained conflicting limitations and despite that the record evidence suggests additional limitations.  The Commissioner is correct to argue that an RFC assessment must be based upon all of the record evidence and that an ALJ need not cite to record evidence for each RFC finding.  However, the Commissioner's argument misses the point of Plaintiff's allegations--that the ALJ did not provide an adequate narrative discussion to resolve the ambiguities present in her decision, and did not explain why she did not adopt all of the medical opinions.  The court agrees that the ALJ erred, and that remand is necessary for a proper explanation.

### A. The Legal Standard Applicable to RFC Assessment

The Commissioner has promulgated regulations regarding assessment of RFC. 20 C.F.R. §§ 404.1545-1546, 416.945-946. In assessing RFC, an ALJ must consider a claimant's abilities to meet the demands of work despite her impairment(s). Id. at §§ 404.1545, 416.945. The assessment is to be based upon all relevant medical and other evidence in the record and is to include consideration of the limitations caused by all of the claimant's impairments, including impairments which are not "severe" as defined in the regulations. Id. at §§ 404.1545(a & e), 416.945(a & e). At the ALJ hearing level, it is the ALJ's responsibility to assess RFC. Id. §§ 404.1546(c), 416.946(c).

The Commissioner issued Social Security Ruling (SSR) 96-8p "[t]o state the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) in initial claims for disability benefits." West's Soc. Sec. Reporting Serv., Rulings 143 (Supp. 2013). The ruling explains that assessment of RFC involves a function-by-function consideration of each work-related ability before expressing the RFC in terms of the exertional categories of "sedentary," "light," and so forth. Id. at 143, 145-46.

The ruling includes narrative discussion requirements for an RFC assessment. Id. at 149. It is to cite specific medical facts and nonmedical evidence to describe how the evidence supports each conclusion, discuss how the plaintiff is able to perform sustained work activities, and describe the maximum amount of each work activity the plaintiff can perform. Id. The narrative discussion must include an explanation how any ambiguities

and material inconsistencies in the evidence were considered and resolved. Id. It must include consideration of the credibility of plaintiff's allegations of symptoms and consideration of medical opinions regarding plaintiff's capabilities. Id. at 149-50. If the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why she did not adopt the opinion. Id. at 150.

### B. Analysis

With regard to Plaintiff's sitting, standing, and walking abilities, the ALJ noted that Dr. Spencer prepared a report of a consultative physical examination in which he opined that pain "would preclude prolonged standing, walking, or climbing stairs, but that [Plaintiff] could sit for periods of time if allowed to move frequently and change positions." (R. 22). The ALJ accorded this opinion "moderate weight." Id. She noted that Dr. Keairnes reviewed the record evidence for the state agency and opined that Plaintiff could perform sedentary work (stand and/or walk at least 2 hours in an 8-hour workday and sit about 6 hours in an 8-hour workday) and that Dr. Coleman affirmed Dr. Keairnes's opinion. Id. She also accorded these opinions "moderate weight." Id. The ALJ found that Plaintiff is able to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)." (R. 21).

Both parties quote the definition of light work cited by the ALJ. (Comm'r Br. 12) (Pl. Br. 10). Plaintiff notes that light work as defined in the regulations "requires a good deal of walking or standing," or "involves sitting most of the time," and argues that from this definition it is impossible to determine the amount of walking, sitting, and standing

the ALJ determined Plaintiff is able to perform. (Pl. Br. 10-11). The court recognizes that light work as used by the Commissioner usually implies the ability both to sit for about 6 hours in an 8-hour workday and to stand and/or walk for about 6 hours in an 8-hour workday. Moreover, where a decision of the Commissioner taken in context reveals that this was the understanding of the ALJ when referring to light work in that decision, the court will apply that understanding to its review. However, this is not such a case.

Occasionally, an ALJ will find that a claimant has the ability to perform a limited range of light work wherein she finds that a particular claimant is limited to somewhat less that 6 hours of standing and/or walking in an 8-hour workday or somewhat less than 6 hours of sitting in an 8-hour workday. Those limitations would fit within the definition of light work cited by the ALJ in this case. Moreover, in this case the ALJ accorded moderate weight both to a medical opinion which precluded prolonged standing or walking and required allowance for frequent movement and position changes, and to another medical opinion finding the ability to stand and/or walk only "at least 2 hours in an 8-hour workday." In this decision, the ALJ said nothing to resolve the conflict between these two medical opinions. And, her reference to the definition of light work does nothing to resolve the conflict. Finally, in her hypothetical question to the vocational expert the ALJ stated only that the hypothetical individual was "restricted to light work." (R. 59). Therefore, on this record it is impossible for the court to ascertain the specific sitting, standing, and walking limitations which the ALJ assessed for Plaintiff. This is error requiring remand for a proper explanation.

The ALJ committed the same error in assessing Plaintiff's mental limitations. She accorded "great weight" to the medical opinions of both the psychologist who performed a consultative examination of Plaintiff, Dr. Jordan, and the state agency psychiatrist who reviewed the record, Dr. Golon. (R. 23). Yet, Dr. Golon opined that Plaintiff's mental impairments are not severe (R. 325), whereas Dr. Jordan reported that Plaintiff left her last employment "due to conflicts with her manager" (R. 312), and opined that Plaintiff's "ability to follow work rules is likely to be weak" (R. 313), and that she "may have difficulty with relationships with others." (R. 314). The ALJ assessed mental limitations for Plaintiff, providing that "[s]he is limited to simple and unskilled work with an SVP [(specific vocational preparation level)] of one or two that requires only minimal interaction with co-workers and superficial contact with the general public." (R. 21).

The mental limitations assessed by the ALJ can be seen as in conflict with Dr. Golon's opinion that Plaintiff's mental impairments are not severe. Yet, contrary to the requirements of SSR 96-8p, the ALJ did not resolve, or even address this ambiguity in her decision. This is reversible error. Moreover, while the ALJ's limitations appear to incorporate Dr. Jordan's opinion regarding difficulty in relationships in so far as it relates to co-workers and to the general public, it says nothing with regard to relationships with supervisors. This also is error. Dr. Jordan noted that Plaintiff left her last employment due to conflicts with her manager, but the ALJ did not resolve that ambiguity.

As Plaintiff's Brief suggests, it appears that the ALJ may not have performed a function-by-function assessment of each mental functional ability, because if the ALJ had

9

done so, she would surely have noted that one of the mental activities recognized by the Commissioner in her "Mental Residual Functional Capacity Assessment" form is "[t]he ability to accept instructions and respond appropriately to criticism from supervisors." Form, SSA-4734-F4-SUP, Pt. I, § C, No. 14.  While the court does not intend to suggest that the ALJ must find a limitation in this mental ability, she must consider each mental functional ability and determine whether that ability is limited in this case.  Moreover, where, as here, a medical opinion suggests a limitation in a mental ability which was not adopted by the ALJ, she is required by the narrative discussion provision of SSR 96-8p to explain why the opinion was not adopted.

Remand is necessary for the Commissioner to apply the correct legal standard in this case and to explain how she resolved the ambiguities presented and, if necessary, to explain why she did not adopt portions of the record medical opinions.

**IT IS THEREFORE ORDERED** that the decision below shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent with this opinion.

Dated this 3rd day of July 2014, at Kansas City, Kansas.

        s:/ John W. Lungstrum
        **John W. Lungstrum**
        **United States District Judge**